**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| DAVID OPPENHEIMER, ) <br> ) <br> Plaintiff, ) <br> ) No. 2:21-cv-02198-DCN <br> vs. ) <br> ) **ORDER** <br> JOHN LIBERATOS, KORY ROSCOE, ) <br> BOULEVARD, LLC D/B/A THE ) <br> BOULEVARD COMPANY, and ) <br> CHARLESTON PROPERTY GROUP, *a* ) <br> *division of the Boulevard Company*, ) <br> ) <br> Defendants. ) <br> _____) | |

The following matter is before the court on defendants John Liberatos, Kory Roscoe, the Boulevard LLC d/b/a the Boulevard Company, and Charleston Property Group's (collectively, "defendants") motions to dismiss, ECF Nos. 10 and 24. For the reasons set forth below, the court finds defendants' first motion to dismiss moot and denies the second.

## I. BACKGROUND

Oppenheimer is a professional photographer and, it seems, a professional litigant. In 2013, Oppenheimer took an aerial photograph of certain location in Charleston, South Carolina and registered the photograph with the Register of Copyrights at the United States Copyright Office. The Boulevard Company conducts real estate business in the Charleston area. Charleston Property Group is a division of the Boulevard Company. John Liberatos is an owner and broker at the Boulevard Company. Kory Roscoe is an agent or other principal of Charleston Property Group. Oppenheimer alleges that "one or more of the Defendants, or someone at their direction" infringed on his copyright of the

1

photograph by displaying it on three websites identified in Oppenheimer's complaint. ECF No. 21, Amend. Compl.

On July 19, 2021, Oppenheimer filed the instant action against defendants, asserting claims under the Copyright Act, 17 U.S.C. § 101 et seq., and the Digital Millennium Copyright Act, 17 U.S.C. § 1202 et seq. ("DMCA"). ECF No. 1, Compl. On August 27, 2021, defendants filed a motion to dismiss. ECF No. 10. Oppenheimer filed an amended complaint on September 13, 2021, ECF No. 13, and a second amended complaint, now the operative complaint, on September 17, 2021, Amend. Compl. Thereafter, defendants filed a second motion to dismiss on October 1, 2021. ECF No. 24. On October 15, 2021, Oppenheimer responded in opposition. ECF No. 29. Defendants did not file a reply, and the time to do so has now expired. As such, the motions to dismiss are now ripe for review.

## II.  STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the

elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Instead, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

### III.   DISCUSSION

A timely filed amended pleading supersedes the original pleading. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" (quoting In re Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir. 2000))); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2011) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). As a result, motions directed at the superseded pleading generally are to be denied as moot.  See, e.g., Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) (citing Colin v. Marconi Com. Sys. Emps. Ret. Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) and Turner v. Knight, 192 F.Supp.2d 391, 397 (D. Md. 2002)) (denying as moot the defendants' motions to dismiss because the second amended complaint rendered moot the defendants' pending motions to dismiss, which were related to the superseded complaint); McCoy v. City of Columbia, 2010 WL 3447476, at *1–2 (D.S.C. Aug. 31, 2010) (adopting the magistrate judge's report and recommendation to the extent it recommended that the motion to dismiss be found as moot because the amended complaint superseded the original complaint and rendered any attack upon it moot).

Because Oppenheimer's second amended complaint supersedes the original complaint at which defendants directed their first motion to dismiss, ECF No. 10, the court finds defendants' first motion to dismiss moot. Therefore, the court only considers the merits of defendants' second motion to dismiss, ECF No. 24, which challenges the operative second amended complaint, below.

Defendants seek dismissal for failure to state a claim of all causes of action asserted in Oppenheimer's second amended complaint under the Copyright Act and the DMCA. To state a claim for copyright infringement under 17 U.S.C. § 106, Oppenheimer must plausibly allege that (1) he owns a valid copyright; and (2) defendants copied "constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Defendants do not dispute that Oppenheimer owns a valid copyright for the photograph at issue under the first element. However, they dispute that Oppenheimer has sufficiently alleged that they copied constituent elements of his copyrighted photograph under the second element. Specifically, defendants argue that the webpages containing the alleged infringements, screenshots of which are attached to the second amended complaint, all reference "Keller Williams Realty." See ECF No. 21-3. Defendants complain that Oppenheimer "has failed to establish any link between [defendants] and Keller Williams Realty leaving [defendants] guessing as to what forms the basis of [Oppenheimer]'s infringement claim." ECF No. 24 at 3.

Defendants make a similar argument as to Oppenheimer's DMCA claim. The DMCA makes it illegal for a person to knowingly falsify, remove, or alter copyright management information ("CMI") from copyrighted work. 17 U.S.C. § 1202. CMI is defined as the information conveyed in connection with copies of a work, such as its title,

author, copyright owner, the terms and conditions for use of the work, and identifying numbers or symbols referring to the work's copyright information.  17 U.S.C. § 1202(c).  Oppenheimer alleges that defendants violated § 1202 of the DMCA by removing or omitting Oppenheimer's CMI from the allegedly infringing photographs used on the three identified websites.  Similar to their argument challenging Oppenheimer's Copyright Act claims, defendants argue that Oppenheimer has not stated a DMCA claim against them because he failed to "link" them to Keller Williams Realty to plausibly allege that they were involved in any DMCA violation reflected on the webpages at issue.  ECF No. 24 at 4.

Defendants' arguments are unavailing as to both Oppenheimer's Copyright Act and DMCA claims.  With respect to his Copyright Act claims, Oppenheimer alleges that "[d]efendants, or someone at their direction, infringed his copyrights by copying, distributing, and publicly displaying (or directing others to do so) his protected [w]ork" at the three websites identified in the second amended complaint.  Amend. Compl. ¶ 13.  With respect to his DMCA claim, Oppenheimer alleges that he marked his copyrighted photograph with his CMI, and one or more defendants, or a third party at their direction, removed or obscured the physical markings and metadata of that CMI.  Id. ¶¶ 34–37.  These allegations, along with the attached screenshots of the alleged infringements, constitute sufficient factual matter that, accepted as true, state a claim to relief.  The court may consider the screenshots of the allegedly infringing webpages in its Rule 12(b)(6) analysis to determine the plausibility of Oppenheimer's allegations regarding defendants' involvement in the violations because the screenshots are attached to the operative complaint.  See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448

(4th Cir. 2011) ("In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint."). Upon review, the court does not find that the references to Keller Williams Realty on the allegedly infringing webpages defeat the plausibility of Oppenheimer's allegations that defendants participated in the infringements and DMCA violations reflected in the screenshots. Defendants conveniently fail to mention that, in addition to Keller Williams Realty, the complained-of webpages explicitly reference "Charleston Property Group" in their titles, URLs, headings, and/or content sections. ECF No. 21-3. Oppenheimer notably alleges an affiliation between Charleston Property Group and the other defendants named in his complaint. Therefore, Oppenheimer has sufficiently stated plausible claims that Charleston Property Group and the other named defendants violated the Copyright Act and the DMCA in their use of his photograph on those webpages, and defendants are not "left to guess" of the conduct of which Oppenheimer complains. To the extent defendants believe that Keller Williams Realty was solely responsible for the alleged infringements and DCMA violations, that issue may be litigated upon a motion for summary for judgment after the parties have had the benefit of discovery. It is not clear that defendants were uninvolved in the violations alleged from the face of Oppenheimer's complaint and its attachments, and adjudication of this issue on the merits in the context of a motion to dismiss is premature and improper.

## IV.  CONCLUSION

For the reasons set forth above, the court **FINDS AS MOOT** defendants' first motion to dismiss and **DENIES** defendants' second motion to dismiss.

6

**AND IT IS SO ORDERED.**

                                                              _____
                                                              **DAVID C. NORTON**
                                                              **UNITED STATES DISTRICT JUDGE**

**December 2, 2021**
**Charleston, South Carolina**